UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

    v.

                              Case No. 23-cr-98-pp

OTANIYEN IDOUZEE,

          Defendant.

---

**ORDER CONSTRUING DEFENDANT'S AFFIDAVIT AS MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING APPELLATE FILING FEE AND GRANTING MOTION**

---

On June 17, 2025, the court sentenced the defendant to forty-two (42) months' imprisonment after the defendant pled guilty to a conspiracy to commit money laundering. Dkt. No. 111. The court entered judgment the following day. Dkt. No. 112. On July 1, 2026, the defendant—through retained counsel—filed a notice of appeal, dkt. no. 114, and the Seventh Circuit Court of Appeals opened Case No. 25-2108, dkt. no. 117. Seven and a half months later, on February 16, 2026, retained defense counsel filed in the district court an "Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis." Dkt. No. 157. No 'accompanying motion for permission to appeal *in forma pauperis*' appears on the district court docket, nor does the district court docket indicate that the defendant is seeking appointment of different appellate counsel.

Nevertheless, the court will construe the affidavit as the defendant's motion to proceed on appeal without prepaying the $605 appellate court filing fee. Upon review of the appellate court docket, the court notes that retained

1

counsel filed a motion to withdraw on August 18, 2025, and asked for substitute counsel to be appointed. Seventh Circuit Appeal No. 25-2108, Dkt. No. 5 at 5. That motion states that the defendant "may qualify for CJA appointed counsel on appeal." Id. Accordingly, the court will construe the defendant's affidavit as a motion asking the court to find that under the Criminal Justice Act he is financially unable to obtain adequate representation. See United States v. Durham, 922 F.3d 845, 847 (7th Cir. 2019). 18 U.S.C. §3006A requires the court to determine whether the criminal defendant on direct appeal is financially eligible for appointed representation. Id.

The court has reviewed the defendant's affidavit and finds that he is financially unable to obtain adequate representation. The defendant's affidavit avers that he has not had any income over the previous twelve months. Dkt. No. 157 at 2. He lists two dependent children (ages 6 and 4) that he must support. In his presentence investigation report, dkt. no. 98, the defendant's only reported assets were $50 in a checking account against over $750 in liabilities between credit card debt and a collection agency. For those reasons, the court will grant the defendant's motion.

The court **CONSTRUES** the defendant's affidavit as a motion for leave to appeal without prepaying the appellate filing fee and **GRANTS** that motion.

Dated in Milwaukee, Wisconsin this 2nd day of April, 2026.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**

2